UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

CESAR DIAZ-BAUTISTA,

                          Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CR-433 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 22, 2022, Defendant Cesar Diaz-Bautista ("Defendant") pled guilty to a lesser included offense of Count Three of the Indictment, charging him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Plea Agreement, ECF No. 110. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 23 months of custody, to be followed by two years of supervised release with special conditions, and a $100.00 mandatory special assessment.

## I.    BACKGROUND

The instant offense was uncovered through a joint investigation by the Federal Bureau of Investigation ("FBI") and Rockville Centre Police Department ("RCPD") into cocaine trafficking on Long Island and in the New York City area. Presentence Investigation Report ("PSR") ¶ 3, ECF No. 136. The joint investigation revealed a multinational drug trafficking organization ("DTO") was importing cocaine into the United States. *Id.* ¶ 4. Two of Defendant's co-defendants—including his brother—were high-ranking members of the DTO who distributed and oversaw the distribution of cocaine after it arrived in New York. *Id.*

Defendant allowed his co-defendant brother, who lived in Defendant's home, to use Defendant's home to store and process cocaine. *Id.* ¶¶ 4, 6-8; Government Sentencing Memorandum ("Gov't Mem.") at 2-3, ECF No. 183. Defendant was not otherwise involved with the DTO. PSR ¶ 7. On December 31, 2019, Defendant's brother, while in Defendant's

1

residence, showed an undercover, confidential witness a plastic bag of cocaine—referred to by Defendant as one kilogram of cocaine. *Id.* ¶ 5. Defendant's brother told the confidential witness he had approximately five kilograms of cocaine and could get more from individuals in New Jersey. *Id.* The confidential witness had visited Defendant's home on at least one prior occasion in the summer of 2019, wherein he observed a cocaine press and narcotics trafficking paraphernalia. *Id.*

On January 2, 2020, FBI and RCPD officials executed a search warrant on Defendant's home. *Id.* ¶ 6. During the search, law enforcement agents discovered 5.8 kilograms of cocaine worth approximately $150,000.00, $4,300.00 in cash, a money counting machine, a cocaine press, and other drug-related paraphernalia. *Id.* Defendant had no proprietary interest in the seized 5.8 kilograms of cocaine. *Id.* ¶ 7.

Also on January 2, 2020, Defendant self-surrendered to the RCPD, after which he was released on bond. *Id.* ¶ 8. On November 5, 2020, the Government filed an Indictment in the instant case, charging Defendant with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II). Indictment, ECF No. 1. On November 9, 2020, Defendant was arraigned on the Indictment and released on bond. ECF Nos. 22, 24. On February 22, 2022, Defendant pled guilty to a lesser included offense of Count Three, charging him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Plea Agreement, ECF No. 110. As part of his plea agreement, Defendant agreed not to appeal or otherwise challenge his sentence or conviction if the Court imposes a sentence at or below 51 months of imprisonment. *Id.* ¶ 4.

## II.     LEGAL STANDARD

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

#### 1. Family and Personal Background

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on December 27, 1977 in the Dominican Republic to Julio Cesar Diaz and Miriam Bautista. PSR ¶ 30. Defendant's father passed away in 2001, but Defendant reports a good relationship with his mother, who resides with Defendant, is aware of the instant

offense, and remains supportive. *Id.* ¶ 30. Defendant has three siblings, one of whom is a co-defendant. *Id.* ¶ 31. His siblings aware of the instant offense and remain supportive. *Id.*

Defendant was raised in a lower-income home in the Dominican Republic, free from neglect and abuse. *Id.* ¶ 32. Defendant immigrated to the United States in 2000, and he is now a legal permanent resident. *Id.*

Defendant married his ex-wife, Jenny Navarro, in 2001 in Hempstead, New York. *Id.* ¶ 33. The two share one son, who was 15 years old as of the writing of the PSR. *Id.* Defendant and Ms. Navarro finalized their divorce in 2010, but remain on good terms. *Id.*; *see also* ECF No. 182-5 (letter of support from Ms. Navarro). Defendant reportedly visits his son often and pays monthly child support. PSR ¶ 33. Both Ms. Navarro and Defendant's son are aware of the instant offense and remain supportive. *Id.*

From 2012 through 2015, Defendant was in a relationship with Edyli Rosario, with whom he shares a son. *Id.* ¶ 35. The Defendant is not on speaking terms with Ms. Rosario, and reported he has not seen her or their son since 2018. *Id.*

Defendant met his current girlfriend, Soranyi Almonte in 2015. *Id.* ¶ 36. Ms. Almonte is aware of the instant offense and remains supportive. *Id.* Probation reports Defendant and Ms. Almonte share one daughter, who was three years old as of the writing of the PSR. *Id.*. However, in a letter submitted by Ms. Almonte in support of Defendant, she reported they share two children. ECF No. 182-6. Ms. Almonte told Probation she would struggle financially if Defendant were incarcerated. PSR ¶ 37.

4

### 2. Educational and Employment History

Defendant completed his secondary education in the Dominican Republic. *Id.* ¶ 44. Between 1994 and 1996, Defendant attended college at the La Universidad Nacional Pedro Henriquez Urena, before dropping out to enter the workforce. *Id.* ¶ 43.

Defendant has held a number of prior jobs, including as: a bank teller in the Dominican Republic; a landscaper; a loan officer; a Rite Aid manager; a delivery driver; a Lyft driver; an independent car dealer; and a sales representative at two different car dealerships. *Id.* ¶¶ 46-51.

### 3. Prior Convictions

Defendant has no prior criminal convictions. *Id.* ¶¶ 23-25.

### 4. Medical and Mental Health

Defendant suffers from residual leg pain stemming from a major car accident in December 2019. *Id.* ¶ 40. Defendant further reported suffering from insomnia since his arrest, but reported no other history of chronic or serious physical or mental health problems. PSR ¶¶ 40-41.

### 5. Substance Abuse

Defendant reportedly began using marijuana in January 2020, but stopped of his own accord in 2022. *Id.* ¶ 42. Defendant did not report any history of alcohol abuse or other illegal drug use. *Id.*

### 6. Nature and Circumstances of the Offense

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* at Section I.

**B.     The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

This offense was undoubtedly serious, with Defendant possessing a substantial amount of cocaine with the intent to distribute and allowing an international DTO to use his home to further their trafficking efforts. *See Supra* at Section I. However, the Court recognizes Defendant's minimal role in both the cocaine trafficking and distribution itself—limited to allowing his home to be used to store and process the cocaine—as well as his limited involvement with the DTO. *See id.*; *see also* Gov't Mem. 3 (noting "there is no evidence that the defendant significantly benefited financially from his conduct, nor did he participate in the broader actions of the DTO"). The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his crimes.

### C.    The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3). Defendant pled guilty to a lesser included offense of Count Three of the Indictment, charging him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). As part of his Plea Agreement, Defendant agreed not to file an appeal or otherwise challenge his sentence if the Court imposes a term of imprisonment of 51 months or below. Plea Agreement ¶ 4.

Defendant faces a statutory maximum term of imprisonment of twenty years and no minimum term of imprisonment. 21 U.S.C. § 841(b)(1)(C). Ordinarily, Defendant's crime of conviction would require a statutory minimum term of supervised release of three years and a maximum term of supervised release of life. 21 U.S.C. § 841(b)(1)(C); *United States v. Brooks*, 889 F.3d 95, 102 (2d Cir. 2018). However, Defendant meets the safety-valve criteria in 18 U.S.C. §§ 3553(f)(1)-(5), meaning Defendant faces a maximum term of supervised release of three years. 18 U.S.C. § 3583(b); 18 U.S.C. § 3553(f). If Defendant violates a condition of release, Defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision. 18 U.S.C. § 3583(e). Defendant is also eligible for not less than one nor more than five years of probation, and, barring extraordinary circumstances, the Court must impose a fine, restitution, or community service as a condition of probation. 18 U.S.C. §§ 3561(c)(1) and 3563(a)(2). Defendant faces a maximum fine of $1,000,000.00. 21 U.S.C § 841(b)(1)(C). However, Probation notes Defendant appears unable to pay a fine based on his financial profile. PSR ¶ 56.

The Court is also required to impose a mandatory special assessment of $100.00 per count. 18 U.S.C. § 3013. Defendant is further subject to forfeiture of any assets undisclosed to the Government on Defendant's Financial Statement. Plea Agreement ¶ 6.

### D. The Kind of Sentences and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

The applicable Guideline for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) is U.S.S.G. §2D1.1. Because Defendant is accountable for 5.8 kilograms

7

of cocaine, which is more than five but fewer than 15 kilograms of cocaine, U.S.S.G. §2D1.1(c)(5) provides a base offense level of 30. Defendant qualifies for a two-level "safety-valve" reduction pursuant to U.S.S.G. §5C1.2(a). Because Defendant was a minimal participant in the offense, four levels are removed pursuant to U.S.S.G. §3B1.2(a). Three levels are removed pursuant to U.S.S.G. §3E1.1 to account for Defendant's timely acceptance of responsibility for the offense. Because Defendant is a Zero-Point Offender under U.S.S.G. §4C1.1(a), two further levels are removed. PSR Addendum at 1, ECF No. 173. Altogether, Defendant's total adjusted offense level is 19. *Id.* All parties agree with these calculations. PSR Addendum at 1, ECF No. 173; Gov't Mem. at 2; *see generally* Defense Sentencing Memorandum ("Def. Mem."), ECF No. 182.

Defendant has a criminal history score of zero. PSR ¶ 25. This establishes a criminal history category of I. U.S.S.G. §5A; PSR ¶ 25; Gov't Mem. at 2; *see generally* Def. Mem.

Based on a criminal history category of I and a total offense level of 19, the Guidelines imprisonment range is 30 to 37 months of imprisonment. U.S.S.G. § 5A; PSR Addendum at 1. All parties agree with these calculations, which the Court adopts. PSR ¶ 25; Gov't Mem. at 2; *see generally* Def. Mem.

The parties' sentencing recommendations vary. Probation recommends a below-Guidelines sentence of 23 months of custody; two years of supervised release with special conditions; and the $100.00 special assessment. Revised Probation Recommendation at 1, ECF No. 173-1. In recommending this sentence, Probation emphasizes: the seriousness of the instant offense; Defendant's role in the offense being limited to storing drugs for his brother; and Defendant's lack of criminal history. *Id.* at 2.

Defense counsel recommends a below-Guidelines sentence of time served with no fines or financial penalties. Def. Mem. at 1, 10-11. In so recommending, defense counsel emphasizes Defendant's acceptance of responsibility for his actions, exemplified, *inter alia*, through his early guilty plea and candid discussion with the Government regarding his offense, *id.* at 2-3, 5; Defendant's successful term of supervision, *id.* at 3; Defendant's lack of prior criminal convictions, *id.* at 7; Defendant's close family ties, *id.* at 6; and that a non-Guidelines sentence would accomplish the goals of specific and general deterrence, *id.* at 4.

The Court has read and considered the letters written by Defendant's loved ones and supporters. These letters describe Defendant as a kind and good man, a hardworking employee, a supportive partner, and a loving father. *See* ECF Nos. 182-1 – 182-7. The Court appreciates what Defendant's advocates have said on his behalf.

The Government recommends a below-Guidelines sentence. Gov't Mem. at 1. The Government recognizes the seriousness of the instant offense, involving Defendant "possess[ing] more than five kilograms of cocaine with the intent to distribute it and permitting and international DTO to use his home as a narcotics stash house." *Id.* at 2. However, the Government argues "the unique circumstances of this case" warrant a below-Guidelines sentence, pointing specifically to: the lack of evidence that Defendant either participated in broader DTO activities or financially benefitted from the instant offense; that Defendant allowing his co-defendant "to use his home as a stash house for the DTO is colored by their relationship as brothers;" and the minimal need for specific deterrence in light of Defendant's lack of a criminal history and continued employment. *Id.* at 3.

This Court appreciates the sentencing arguments raised by all parties and has considered each of these arguments in turn.

9

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not pointed the Court to any pertinent policy statements, and the Court has not found any on its own.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The Court premises its sentence on the nature and characteristics of this Defendant and the instant crime of conviction. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires this Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case.

### III. CONCLUSION

For the reasons set forth above, the Court determines a sentence of 23 months to be followed by two years of supervised release with both the standard conditions and special conditions, forfeiture of any assets undisclosed on his Financial Statement in accordance with the Plea Agreement, and a $100.00 mandatory special assessment is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2). The Court does not

impose a fine because Defendant appears unable to pay. The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3583(d) and 3563(a)(5).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addendum thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2024
Brooklyn, New York

11